IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

Steven M. Brown, )
    Petitioner, )
                                 )
v. ) 1:10cv363 (JCC/TRJ)
                                 )
Wendall W. Pixley, )
    Respondent. )

MEMORANDUM OPINION

      Steven M. Brown, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his convictions in the Circuit Court for Brunswick County, Virginia of breaking and entering, shooting into an occupied dwelling, and possession of a firearm by a convicted felon. Respondent filed a Motion to Dismiss and Rule 5 Answer, with a supporting brief and numerous exhibits. Brown was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and he filed a reply on September 2, 2010. For the reasons that follow, Brown's claims must be dismissed.

I. Background

      Brown went to the home of his former high school classmate, Mr. Hicks, on June 2, 2003 because Brown wanted to question Hicks about a physical altercation between Hicks and Brown's uncle. See Mem. in Support of Pet. 3, ECF No. 2. Specifically, Brown explains the purpose of the visit as follows:

> The motive for the visit to Mr. Hicks home was to get an explanation for the severe beating that [Brown's] uncle received. [Brown] already knew his uncle's side of the story and he wanted to hear Mr. Hick's side. The answer that he got from Hicks would determine what

> [Brown] would do. His <u>intent</u> was to beat Hicks in the same manner
> that his uncle was beaten [unless Hicks had acted in self defense].

See Mem. in Support of Pet. 22, ECF No. 2. Hicks slammed his front door in Brown's face, which prompted Brown to kick in the door because he was "enraged by [Hicks's] insult, disrespect, and refusal to talk about the subject." See Mem. in Support of Pet. 3, ECF No. 2; Mem. in Supp. of Reply 26-27, ECF No. 12. Brown then "kicked the door open with the intent of going in the house and beating Mr. Hicks with his bare hands." See Mem. in Support of Pet. 24, ECF No. 2. He walked ten to fifteen feet into Hicks's home, then turned around and left. See Mem. in Support of Pet. 23, ECF No. 2.

After slamming the door, Hicks went into the study to call 911. See Mem. in Support of Pet. 3, ECF No. 2. Hicks then moved to close the back door, returned to the front door, and saw three men shooting guns and coming toward the house. See Mem. in Support of Pet. 3, ECF No. 2. Hicks told the three crying children who were in the kitchen to "get down." See Mem. in Support of Pet. 3, ECF No. 2. After firing "a lot" of shots, the men drove away in a purple Hyundai. See Mem. in Support of Pet. 3-4, ECF No. 2.

On August 26, 2004 in the Circuit Court for Brunswick County, Virginia, Brown was found guilty of breaking and entering, shooting into an occupied dwelling, and possession of a firearm by a convicted felon. <u>Commonwealth v. Brown</u>, Case Nos. CR04000004-00, CR04000004-01, CR04000004-02. At trial, Brown presented an alibi defense, claiming that he was working at the time of the crime and could not have been at Hicks's home. See Mem. in Support of Pet. 5, ECF No. 2. After he was convicted, Brown filed a Motion for New Trial in which he confessed that the "classic alibi used by Brown was fabricated," but argued that he had been under duress. See Mem.

2

in Support of Pet.. 4-5, ECF No. 2. Specifically, Brown explained that he had been threatened with harm to his immediate family members if he identified the "real culprits" to the crime. See id. The court accepted the proffer of evidence to support the motion, then denied the motion and sentenced Brown to twenty years with eleven years suspended for the conviction of breaking and entering, ten years with ten years suspended for the conviction of shooting into an occupied dwelling, and five years for possession of a firearm by a convicted felon. Cir. Ct. Tr., Jan. 26, 2006, at 17. Brown pursued a direct appeal to the Court of Appeals of Virginia, arguing that the evidence was insufficient to support the convictions, the case was not proven beyond a reasonable doubt, Brown had not received a fair trial because he had been under duress, and the circuit court erred when it denied the motion for a new trial. The Court of Appeals denied the petition for appeal on August 16, 2007. Brown v. Commonwealth, R. No. 0106-07-2. On December 26, 2007, the Supreme Court of Virginia refused Brown's petition for appeal. Brown v. Commonwealth, R. No. 071742.

Brown then pursued habeas corpus relief in the Circuit Court for the County of Brunswick, Virginia, claiming that (1) counsel was ineffective for failing to preserve certain issues for appeal and failing to perfect a timely appeal, (2) the evidence was insufficient to support a conviction, (3) the case was not proven beyond a reasonable doubt, and (4) the trial judge had improperly denied the motion for a new trial. The court dismissed the petition on January 6, 2009. Brown appealed to the Supreme Court of Virginia, which refused the appeal on August 19, 2009 and refused the petition for rehearing on November 12, 2009. Brown v. Gene M. Johnson, R. No. 090675.

On March 30, 2010, Brown filed the instant federal habeas petition,[1] claiming that his

---

[1] For purposes of calculating the statute of limitations, a petition is deemed filed when the prisoner delivers his pleading to prison officials for mailing. Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991); see also Houston v. Lack, 487 U.S. 266 (1988). Brown states

3

convictions were unconstitutional because (1) counsel was ineffective for failing to perfect a timely notice of appeal and failing to preserve the issues of insufficiency of the evidence and the existence of reasonable doubt for appeal, (2) the evidence was insufficient to support the convictions, (3) guilt was not proven beyond a reasonable doubt, and (4) the trial was not fair due to duress. On June 21, 2010, respondent filed a Motion to Dismiss Brown's claims. Brown filed a response on September 2, 2010. Based on the pleadings and record before this Court, it is uncontested that Brown exhausted all of his claims as required under 28 U.S.C. § 2254.

## II. Procedural Bar: Claims (2), (3), and (4)

This Court cannot consider the merits of claims (2), (3), and (4) because the Supreme Court of Virginia rejected these claims in Brown's state petition for writ of habeas corpus based on a finding of procedural default under Slayton v. Parrigan, 205 S.E.2d 680 (Va. 1974) (holding that a claim is procedurally defaulted if the petitioner could have raised it on direct appeal but did not). A state court's finding of procedural default is entitled to a presumption of correctness, provided two foundational requirements are met. See 28 U.S.C. § 2254(d); Clanton v. Muncy, 845 F.2d 1238, 1241 (4th Cir. 1988). First, the state court must explicitly rely on the procedural ground to deny petitioner relief. See Ylst v. Nunnemaker, 501 U.S. 797, 802-03 (1991); Harris v. Reed, 489 U.S. 255, 259 (1989). Second, the state procedural rule used to default petitioner's claim must be an independent and adequate state ground for denying relief. See Harris, 489 U.S. at 260; see also Ford v. Georgia, 498 U.S. 411, 423-24 (1991). When these two requirements have been met, federal courts may not review the barred claims absent a showing of cause and prejudice or a fundamental

---

that he placed his petition in the prison mailing system on March 30, 2010. See Pet. 14, ECF No. 1. The petition was received on April 2, 2010.

4

be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. Importantly, this standard of reasonableness is an objective one. Id. at 410. Moreover, in evaluating whether a state court's determination of the facts is unreasonable, a federal court reviewing a habeas petition "presume[s] the [state] court's factual findings to be sound unless [petitioner] rebuts 'the presumption of correctness by clear and convincing evidence.'" Miller-El v. Dretke, 545 U.S. 231, 240 (2005) (quoting 28 U.S.C. 2254(e)(1)); see, e.g., Lenz v. Washington, 444 F.3d 295, 300-01 (4th Cir. 2006).

## IV. Analysis

Brown argues his attorney provided ineffective assistance of counsel by failing to preserve the issues of insufficiency of the evidence and the existence of reasonable doubt for appeal, and for failing to perfect a timely notice of appeal. The circuit court rejected this claim on the merits as failing to satisfy the standard for ineffective assistance of counsel articulated in Strickland v. Washington, 466 U.S. 668 (1984). See Cir. Ct. Order, Jan. 6, 2008, at 2, ECF No. 6-7. The circuit court's reasoning is imputed to the Supreme Court of Virginia, which refused the appeal without explanation. See Va. Supreme Ct. Order, Aug. 19, 2009, at 1, ECF No. 6-9; see also Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991). Specifically, the circuit court dismissed the claim by finding that (1) Brown did not show that his attorney erred by failing to preserve the issue of insufficiency of the evidence, (2) Brown was not prejudiced by any of his attorney's alleged errors or omissions, and (3) Brown was provided a full appeal of his convictions. See Cir. Ct. Order, Jan. 6, 2008. at 2, ECF No. 6-7. In reviewing the state court's decision, Brown fails to show that the result was either contrary to, or an unreasonable application of, clearly established federal law, or

an unreasonable determination of the facts.

A. Failing to Preserve Issues for Appeal

The circuit court's decision was not contrary to clearly established federal law because the court faithfully followed the principles from Strickland. Moreover, its decision was not an unreasonable application of clearly established federal law because the court both identified the correct governing legal principle from Strickland and reasonably applied that principle to the facts of the Brown's case. Specifically, the circuit court held that Brown failed to satisfy either the performance prong or the prejudice prong of the Strickland standard, explaining that he not only failed to show that his attorney made any errors relating to preserving issues for appeal, but also failed to prove that he was prejudiced by any of his attorney's alleged failures and omissions. See Cir. Ct. Order, Jan. 6, 2008. at 2, ECF No. 6-7. Hicks's eyewitness testimony at trial unequivocally placed Brown at the scene of the crime: Hicks testified that Brown talking directly to Hicks while standing at Hicks's front door. See Mem. in Support of Pet. 3, ECF No. 2. Further, the evidence showed that the front door and doorframe of Hicks's home were damaged, and that two .45 shell casings were found in the driveway. Id. Although the testimony from Brown's employer that Brown was working at the time of the crime supported his alibi defense, the decision to credit the inculpatory evidence and discredit the evidence supporting the alibi defense cannot be disturbed. See United States v. Brooks, 524 F.3d 549, 563 (4th Cir. 2006) ("[A] reviewing court is not entitled to assess the credibility of witnesses, but rather must assume that the [factfinder] resolved all contradictions ... in favor of the Government."). Given the evidence to support the convictions, the circuit court's conclusion that Brown's attorney made no error in failing to preserve the issue of insufficiency of the evidence for appeal was clearly reasonable.

Finally, Brown has failed to provide clear and convincing evidence to rebut the presumption that the circuit court's factual findings were correct. Brown suggests many alternative techniques that his attorney could have used to present his case, arguing that "...it should have been easy for a highly educated, trained, experienced professional trial lawyer to establish the necessary elements of reasonable doubt without even using the defendant's classic alibi as part of his defense." Mem. in Support of Pet. 15, ECF No. 2. Brown further argues that "[i]t is not clear what [counsel's] strategy was in this case except to rely solely on the classic alibi of his client not being in two places at the same time," and that "[i]f [counsel] had been more vigorous in his cross-examination of the Commonwealth's chief witness, there would not have been a need to present the defense alibi in the first place." Mem. in Support of Pet. 11, 16, ECF No. 2. It is not necessary to discuss Brown's argument that his attorney should not have relied on his fabricated alibi because none of these suggestions undermine the circuit court's finding that Brown was not prejudiced by his attorney's alleged failures and omissions. Brown has therefore failed to demonstrate that the circuit court's decision was based on an unreasonable determination of the facts.

### B. Failing to Perfect a Timely Notice of Appeal

The circuit court rejected Brown's argument that his attorney provided ineffective assistance of counsel by failing to perfect a timely appeal by holding that this argument failed to satisfy the Strickland standard. Specifically, the court found that Brown was provided a full appeal of his convictions, which seems to have led to its conclusion that this claim does not satisfy the prejudice prong of the Strickland standard. See Cir. Ct. Order, Jan. 6, 2008. at 2, ECF No. 6-7. This conclusion was not contrary to clearly established federal law because the circuit court explicitly relied on the principles and standard from Strickland. Further, this holding was not an unreasonable

application of clearly established federal law because the court reasonably applied the Strickland standard to the facts of the Brown's case. Given that Brown was provided a full appeal of his convictions, the conclusion that Brown failed to prove that he was prejudiced by his attorney's failure to perfect a timely notice of appeal was unquestionably reasonable.

Brown has failed to provide clear and convincing evidence to rebut the presumption that the circuit court's relevant factual findings were correct because Brown has not made any arguments to refute the circuit court's finding that Brown was provided a full appeal of his convictions. Because Brown has therefore failed to demonstrate that the circuit court's rejection of this claim was contrary to, or an unreasonable application of, clearly established federal law, or an unreasonable determination of the facts, his claim that his counsel was ineffective for failing to perfect a timely notice of appeal will be dismissed.

## V. Conclusion

For the above stated reasons, this petition will be dismissed. An appropriate Order shall issue.

Entered this 21ST day of JANUY 2011.

Alexandria, Virginia

/s/
James C. Cacheris
United States District Judge